IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02624–PAB–KMT

STEPHAN DARRIS,

    Plaintiff,

v.

D/S PUGLIESE,
D/S SHAFFER,
D/S ST. GERMAIN,
LPN ROY, and
D/S DAUGHERTY,

    Defendants.

**ORDER**

    This matter is before the court on Plaintiff's "Motion to Amend Prisoner Complaint" (#48, filed June 8, 2009). The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

    When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the

plaintiff must attach the proposed amended complaint to the motion.  The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.  Here, the plaintiff does not describe the proposed amendments.  As a result, it is impossible to determine if they are permissible.  Therefore, it is

ORDERED that Plaintiff's motion (#48) is DENIED.

The court also notes that Plaintiff failed to confer with defendant before filing his present motion.  The Tenth Circuit has cautioned that pro se litigants "must follow the same rules of procedure that govern other litigants."  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders."(citing cases)).  The Local Rules of Practice for the District of Colorado require all parties to confer on motions and other disputes before a motion is filed.  D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997).  The court reminds Plaintiff of his duty to confer and cautions that future motions filed without conferring may be stricken.

Dated this 10th day of June, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge