IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02624–PAB–KMT

STEPHAN DARRIS,

    Plaintiff,

v.

D/S PUGLIESE,
D/S SHAFFER,
D/S ST. GERMAIN,
LPN ROY, and
D/S DAUGHERTY,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Motion to Reconsider Request for Volanter Councel [sic]" (#51, filed June 22, 2009). The plaintiff seeks reconsideration of this court's June 8, 2009 Order (#47) denying him appointment of counsel in this matter.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. This court does, however, have broad discretion to direct the Clerk of Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. *See DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, the court considers the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims.

*See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  Plaintiff's chief complaint concerns his ability to present his claims due to his alleged illiteracy.

The court has reviewed Plaintiff's "Motion to be Reffered [sic] for Counsel" (#45, filed May 27, 2009) and the audio recording of the May 21, 2009 preliminary scheduling conference held in this matter.  At that hearing, Plaintiff made an oral motion to be placed on a referral list for *pro bono* counsel, and as grounds therefore stated: 1) he cannot read or write due to his lack of education and prescriptions for "anti-psychotic" medication; and 2) that he has to barter with other inmates in order to have court documents read to him and prepared on his behalf.  In response, the court stated, "If you really do not read or write, I will <u>consider</u> putting you on a list."  Later in the same hearing, it came to the court's attention that the plaintiff had previously filed seven lawsuits in this District, six of which were prosecuted *pro se*, including this one.  On that basis, the court denied Plaintiff's oral motion, stating "I'm not going to even put you on a list for a *pro bono* lawyer because you have got all these cases that have gone through the system.  I just don't think you are entitled to a lawyer a this point."  Furthermore, the court informed Plaintiff that it would reconsider its ruling if he submitted a written motion.

On May 27, 2009, Plaintiff filed his "Motion to be Reffered [sic] for Counsel" ([#45] [hereinafter "Mot."]), to which Plaintiff attached two documents. The "Therapeutic Documentation Care Plan (Medications)" form lists numerous medications Plaintiff received during December 2008 but is otherwise silent on his ability to read or write.  (Mot. at 2.) Plaintiff's "Mental Health Progress Note," dated March 29, 2009, notes that Plaintiff presented "complaining of 'forgetting to read and write' for days at a time."  (*Id.* at 2–3.)  This fails to

prove Plaintiff's contention that he cannot read or write at all.  Moreover, at the May 21, 2009 preliminary scheduling conference Plaintiff stated that "the medication that [he] take[s], this allows [him] to read and write <u>at times</u>."  Finally, the court has reviewed Plaintiff's present motion, which appears to have been handwritten by Plaintiff.  The court finds that Plaintiff clearly possesses the ability to write.  As to Plaintiff's ability to read, the court will not refer Plaintiff for *pro bono* counsel merely to read court documents.  As the court noted during the May 21, 2009 preliminary scheduling conference, it is Plaintiff's responsibility to prosecute his lawsuit, even if it means asking others to read court documents to him.  Plaintiff has failed to persuade the court that he is unable to present his claims.  Moreover, the factual and legal issues raised by the plaintiff's Eighth Amendment claims are not complex, and his allegations do not convince the court that the plaintiff's chances of succeeding on the merits are strong.  Consequently,

IT IS ORDERED that the motion (#51) is DENIED.

Dated this 26th day of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge