IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–02624–PAB–KMT

STEPHAN DARRIS,

    Plaintiff,

v.

D/S PUGLIESE,
D/S SHAFFER,
D/S ST. GERMAIN,
LPN ROY, and
D/S DAUGHERTY,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on Plaintiff's "Motion to Reconsider Denied Motion to Amend Prisoner Complaint." ([Doc. No. 56] [filed June 30, 2009] [hereinafter "Mot."].) Defendant Roy Robinson (hereinafter "Robinson") filed a Response on July 9, 2009. ([Doc. No. 59] [hereinafter "Robinson Resp."].) On August 26, 2009, this court ordered Defendants Pugliese, Shaffer, St. Germain, and Daugherty (hereinafter collectively "Defendant Deputy Sheriffs") to file Responses to the Motion. (Doc. No. 73.) On August 31, 2009, Defendant Deputy Sheriffs filed their Response. ([Doc. No. 74] [hereinafter "DDS Resp."].)

    Plaintiff filed the First Amended Complaint on December 24, 2008. ([Doc. No. 5] [hereinafter "FAC"].) On June 10, 2009, this court issued an Order denying Plaintiff's "Motion

to Amend Prisoner Complaint" ([Doc. No. 48] [filed June 8, 2009]) for failing to attach a proposed amended complaint to the Motion (Doc. No. 50).  Plaintiff now seeks reconsideration of that Order, having attached a Proposed Second Amended Complaint (hereinafter "PSAC") to the present Motion.

   Plaintiff seeks leave to make the following amendments to the FAC: 1) to add official-capacity claims against the existing defendants (Defendant Pugliese, Shaffer, St. Germain, Daugherty or Robinson) on the basis of existing and new factual allegations; and 2) to add four new defendants in four new claims.  (Mot. at 1–2.)  Defendant Robinson and the Defendant Deputy Sheriffs oppose the Motion to Amend on the following grounds: 1) the addition of official-capacity claims against them would be futile; and 2) the proposed Claims Five, Six, Seven and Eight against the four proposed new defendants do not comply with Federal Rule of Civil Procedure 20(a)(2).  (Robinson Resp. at 3; DDS Resp. at 3.)

**ANALYSIS**

*1.     Addition of Official-Capacity Claims Against Original Defendants*

   *A.     Futility*

   Pursuant to Federal Rule of Civil Procedure 15(a), the court is to freely allow amendment of the pleadings "when justice so requires."  The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue

delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendant Robinson and the Defendant Deputy Sheriffs contend the court should deny Plaintiff leave to amend because the proposed amendments adding official-capacity claims against them would be futile. (Robinson Resp. at 3–6; DDS Resp. at 4–6.) A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.*

Plaintiff seeks to amend the FAC in order to add official-capacity claims against Defendant Robinson and the Defendant Deputy Sheriffs based upon the factual allegations contained in Claims One, Two, Three and Four of the FAC. (Mot. at 1.) Defendant Robinson is undisputedly an employee of Denver Health and Hospital Authority.[1] (PSAC at 3; Robinson Resp. at 3.) Therefore, a suit against Defendant Robinson in his official capacity must be treated

---

[1] While Plaintiff states that "LPN Roy [Robinson] is employed by Denver Health Medical Center at the Denver County Jail," Defendant Robinson points out that the correct entity name is Denver Health and Hospital Authority. Plaintiff has not filed a Reply and does not dispute this correction.

3

as a claim against Denver Health and Hospital Authority. *See Johnson v. Bd. of County Commr's for County of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996); *Drake v. City and County of Denver*, 953 F. Supp. 1150, 1156 (D. Colo. 1997) (a suit against a governmental entity employee in his "official capacity" is the same as a suit against the entity, and the naming of both as defendants in a lawsuit under § 1983 is redundant).

Denver Health and Hospital Authority is a "body corporate and a political subdivision of the state" of Colorado. Colo. Rev. Stat. § 25-29-103 (2008). As such, it is not entitled to Eleventh Amendment immunity and, therefore, is subject to municipal liability under Section 1983. *See Elam Const., Inc. v. Regional Transp. Dist.*, 129 F.3d 1343, 1345 (10th Cir. 1997) (Eleventh Amendment immunity does not extend to political subdivisions of the state, such as counties or municipalities); *see Villalpando v. Denver Health & Hosp. Auth.*, 65 F. App'x 683, 686–87 (10th Cir. 2003) (generally observing that Denver Health and Hospital Authority was a "person" subject to municipal liability under § 1983). Therefore, Plaintiff's proposed official-capacity claim against Defendant Robinson actually reduces to a Section 1983 claim based on municipal liability against Denver Health and Hospital Authority.

Defendants Pugliese, Shaffer, St. Germain, and Daugherty are undisputedly Deputy Sheriffs employed by the City and County of Denver Sheriff's Department. (PSAC at 2–3; DDS Resp. at 4.) Therefore, a suit against the Defendant Deputy Sheriffs in their official capacities must be treated as Section 1983 claims based on municipal liability against the City and County of Denver. *See Johnson*, 85 F.3d at 493; *Drake*, 953 F. Supp. at 1156; *see also Hudson v. Kline*, 2006 WL 3703937, at *1 (D. Colo. 2006) (citing *Stump v. Gates*, 777 F. Supp. 808, 814–16 (D.

Colo. 1991) *aff'd*, 986 F.2d 1429 (10th Cir. 1993)) ("The sheriff's department is not a separate entity from the City and County of Denver and, therefore, is not a person under 42 U.S.C. § 1983.").

### B.     *Municipal Liability under §1983*

"[T]o establish municipal liability a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993–94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Moreover, a municipality can be held liable under Section 1983 "if the final policymaker, as identified by statute, is the one who takes the unconstitutional action." *Melton v. City of Oklahoma City*, 879 F.2d 706, 724 (10th Cir. 1989) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988)).

The PSAC is devoid of a single allegation that the actions of Defendant Robinson or any of the Defendant Deputy Sheriffs were those of a final policymaker or part of any official municipal policy, custom or practice.[2] There is no indication that any of the allegedly unconstitutional acts were in any way connected with each other or any policy, custom or practice. Plaintiff alleges separate and distinct incidents of unconstitutional conduct with absolutely no discussion of Denver Health and Hospital Authority or City and County of Denver customs and/or policies. Consequently, Plaintiff has failed to assert a basis upon which to

---

[2] To the contrary, Plaintiff asserts that Defendant Robinson "deliberately refused to follow Denver Health Medical's protocol," and that Defendant St. Germain acted "without first following the protocol [of the] Denver Sheriff['s] Dept." (PSAC at 7.)

impose liability on Denver Health and Hospital Authority or the City and County of Denver, and therefore, has failed to state a claim against Defendant Robinson and the Defendant Deputy Sheriffs in their official capacities. The court finds the proposed amendments futile because, if allowed, the official-capacity claims against these defendants would not withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## *2. Joinder of New Defendants*

Defendant Robinson and the Defendant Deputy Sheriffs contend that Plaintiff's Motion should also be denied because Claims Five, Six, Seven and Eight violate Federal Rule of Civil Procedure 20(a)(2). (Robinson Resp. at 6.) "[Federal Rule of Civil Procedure 20(a)] permits joinder of defendants when there is asserted against them any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."[3] *Trail Realty, Inc. v. Beckett*, 462 F.2d 396, 399–400 (10th Cir. 1972). "It does not contemplate joinder where . . . an attempt is made to incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues." *Id.* at 400; *see Bollinger v. La Villa Grande Care Center*, 296 F. App'x 658, 660 (10th Cir. 2008).

The FAC asserted a total of four claims against Defendants Pugliese, Shaffer, St. Germain, Robinson and Daugherty. (FAC at 1.) In Claims One, Two and Three, Plaintiff

---

[3] Parties "may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B) (2008).

alleges that on October 18, 2008, Defendants Pugliese, Shaffer, St. Germain and Robinson violated his Eighth Amendment rights.  (*Id.* at 5–7.)  In Claim Four, Plaintiff alleges that on December 16[4], Defendant Daugherty "assaulted" him during an administrative review hearing, violating his Eighth Amendment rights.  (*Id.* at 8.)

Plaintiff now seeks to amend the FAC to assert four additional claims against four new defendants—"D/S Hanley," "D/S Paige," "Dr. Joel Hirsh," and "Chaplain Scott."  (Mot. at 2.)  In Claim Five, Plaintiff alleges that on February 20, 2009, "D/S Hanley . . . put his knee into the plaintiff's groin area causing injury," in violation of Plaintiff's Eighth Amendment rights.  (PSAC at 10.)  In Claim Six, Plaintiff states that on March 13, 2009, "D/S Paige moved plaintiff to a 3rd tier cell disregarding the plaintiff's bottom bunk bottom tier medical restrictions . . . and made plaintiff remain . . . in inhumane conditions overnight," in violation of his Eighth Amendment rights.  (*Id.* at 11.)  In Claim Seven, Plaintiff maintains that on February 20, 2009, Dr. Joel Hirsh failed to provide proper medical treatment for injuries caused by "D/S Hanley" earlier that day, in violation of his Eighth Amendment rights.  (*Id.* at 12.)  In Claim Eight, Plaintiff alleges that Chaplain Scott violated his First Amendment rights by failing to respond to Plaintiff's requests for a religious diet.  (*Id.* at 13.)

There is no indication that the allegations contained in Claims Five through Eight are part of any series of transactions or occurrences involving the Defendants in Claims One through

---

[4] Plaintiff has not stated the year in which this alleged incident took place.  Therefore, the court presumes it to have taken place in 2008.  In any event, the year in which the alleged incident took place is of no consequence to the court's findings.

7

Four. The proposed claims are based on incidents allegedly occurring on different dates, by different people, and in different circumstances. There is also no indication that questions of law or fact common to all Defendants will arise in this action if the amendments are allowed. Claims Five through Eight are exclusively concerned with the four proposed new defendants and never mention any of the original defendants. Therefore, pursuant to Federal Rule of Civil Procedure 20(a)(2)(A), Claims Five through Eight may not be joined in this action.[5]

Having found the proposed amendments either futile or in violation of Federal Rule of Civil Procedure 20(a), the court respectfully

**RECOMMENDS** that Plaintiff's "Motion to Reconsider Denied Motion to Amend Prisoner Complaint" (Doc. No. 56) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the

---

[5] It appears that Plaintiff also seeks to amend the FAC to add claims against the original defendants alleging retaliation for filing suit. However, the court finds that such claims arise out of a subject matter different from what was set forth in the FAC and raise significant new factual issues that would likely prejudice Defendants. *United States ex rel. Told v. Interwest Const. Co., Inc.*, 267 F. App'x 807, 810 (10th Cir. 2008) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006)). Furthermore, were the court to allow Plaintiff to amend the Complaint for every incident allegedly occurring in retaliation for filing this suit, this action might never be fully resolved. *See Anaya v. Campbell*, 2009 WL 1657367, at *2 (E.D. Cal. 2009).

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

review).

Dated this 8th day of September, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge