IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–02624–PAB–KMT

STEPHAN DARRIS,

    Plaintiff,

v.

D/S PUGLIESE,
D/S SHAFFER,
D/S ST. GERMAIN,
LPN ROY, and
D/S DAUGHERTY,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case involves claims that Defendants violated Plaintiff's Eighth Amendment rights. This matter is before the court on Defendant Roy Robinson's[1] "Motion for Summary Judgment with Authority" (Doc. No. 99, filed December 31, 2009) and Defendants Pugliese, Schaefer[2], St. Germain, and Daugherty's "Motion for Summary Judgment" (Doc. No. 101, filed January 4, 2010). Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

---

[1] Plaintiff has misnamed Defendant Roy Robinson as "LPN Roy." The court will refer to this defendant as Defendant Robinson.

[2] Plaintiff has misspelled Defendant Schaefer's name as "Shaffer." The court will refer to Defendant Schaefer with the correct spelling.

**STATEMENT OF THE CASE**

The following facts are taken from Plaintiff's Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. During the time relevant to this litigation, Plaintiff was an inmate in the custody of the Denver County Jail. (Prisoner Compl. at 4 [hereinafter "Compl."] [filed December 24, 2008].) Plaintiff asserts claims against Defendants Deputy Sheriff Louis Pugliese, Deputy Sheriff Michael Schaefer, Deputy Sheriff Anthony St. Germain, and Deputy Sheriff Donald Daugherty, all employees of the Denver Sheriff Department [hereinafter "Defendant Deputy Sheriffs"]; and Roy Robinson, LPN. (*Id.* at 1–3.) Plaintiff asserts four claims for relief and seeks compensatory and punitive damages. (*Id.* at 5–8, 10.)

The first three claims involve incidents allegedly occurring on October 18, 2008. (*Id.* at 7–9.) In Claim One, Plaintiff alleges Defendants Pugliese and Schaefer used excessive force to remove him from one location to another location of the jail. (*Id.* at 5.) Plaintiff claims Defendant Schaefer became belligerent with Plaintiff and made several inappropriate sexual comments to Plaintiff. (*Id.*) Plaintiff asserts that Defendant Schaefer violated his Eighth Amendment prohibition against cruel and unusual punishment by "administering unnecessary force to plaintiffs [sic] arms and elbows while in handcuffed position using demeaning inappropriate sexual comments on camera." (*Id.*)

In Claim Two, Plaintiff alleges that while being escorted to the new jail location Defendant Schaefer left Plaintiff alone with Defendant Pugliese, who "viciously attacked" Plaintiff in violation of the Eighth Amendment's prohibition against cruel and unusual

2

punishment. (*Id.* at 6.) Plaintiff states he was "being 100% complient [sic]" and that Defendant Pugliese "forcefully twisted plaintiffs [sic] wrist inserting his knee into the back of the plaintiff." (*Id.*) Plaintiff claims he "hit the pavement face first splitting his right cheek" and that he also suffered injuries to his back and right wrist. (*Id.*) Plaintiff alleges he weighed less than 130 pounds and Defendant Pugliese weighed over 220 pounds. (*Id.*)

In Claim Three, Plaintiff alleges after the alleged attack, he was taken to the medical unit. (*Id.* at 7.) Plaintiff states after leaving the medical unit he "collapsed and briefly blacked out." (*Id.*) Plaintiff claims while he was "blacked out" Defendant St. Germain brutally dragged Plaintiff to another cell without following the Denver Sheriff Department's protocol "on visually and evident incapacitated inmates." (*Id.*) Plaintiff alleges Defendant Robinson "was in the immediate vicinity of plaintiff and saw plaintiff collapse and deliberately refused to follow Denver Health Medicals [sic] protocol and ignored plaintiffs [sic] needs entirely." (*Id.*) Plaintiff claims Defendants St. Germain and Robinson refused to give Plaintiff medical attention in violation of Plaintiff's Eighth Amendment rights. (*Id.*)

In Claim Four, Plaintiff alleges on December 15, 2008[3], he was asked to attend an Administrative Review hearing. (*Id.* at 8.) Plaintiff alleges during this hearing, Defendant

---

[3]Plaintiff states the incident occurred on December 16, 2008. However, the Inmate Grievance Form for this incident is dated December 15, 2008 (Mot. Summ. J. [hereinafter "Deputy Sheriffs' Mot. Summ. J."], Ex. A-1 [Aff. of Sonya Gillespie (hereinafter "Gillespie Aff.")], Ex. 3 ["Dec. 15, 2008, Inmate Grievance Form"]), the medical record related to this incident is dated December 15, 2008 (Gillespie Aff., Ex. 5 at 3), and the incident report written by Defendant Daugherty is dated December 15, 2008 (Deputy Sheriffs' Mot. Summ. J., Ex. A-5 [Aff. of Donald Daugherty (hereinafter "Daugherty Aff.")], Ex. 1). The court will refer to this incident as the December 15, 2008 Incident.

Daugherty "grabbed the hand of the plaintiff and forcefully in an assaultive manner removed a wedding band off of the plaintiff's finger causing injury." (*Id.*) Plaintiff claims he received medical attention after this incident and is still undergoing care for what he believes was a broken finger. (*Id.*) Plaintiff alleges this incident violated the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id.*)

## PROCEDURAL HISTORY

Plaintiff filed his Amended Prisoner Complaint on December 24, 2008. (Compl.) Defendant Robinson filed his motion for summary judgment on December 31, 2009, on the bases that (1) Plaintiff's allegations do not rise to the level of deliberate indifference to his rights under the Eighth Amendment; and (2) Plaintiff has failed to endorse competent expert testimony supporting his allegation that Defendant Robinson was deliberately indifferent or that such conduct caused injury. (Mot. for Summ. J. with Authority [hereinafter "Robinson's Mot. Summ. J"].) Defendants Pugliese, Schaefer, St. Germain, and Daugherty filed their motion for summary judgment on January 4, 2010, on the bases that (1) Plaintiff failed to exhaust his administrative remedies concerning the incidents subject to this case; and (2) Defendants Pugliese, Schaefer, St. Germain, and Daugherty are entitled to qualified immunity because there was no Eighth Amendment violation. (Deputy Sheriffs' Mot. Summ. J.) Plaintiff did not file responses to either motion for summary judgment.[4] These motions are ripe for review and recommendation.

---

[4] Indeed, Plaintiff appears to have lost interest in this litigation. On January 13, 2010, Lieutenant Gerald Knapic of Buena Vista Correctional Complex, where Plaintiff is currently housed, informed the Court that on January 7, 2010, Plaintiff twice refused delivery of his incoming mail from this Court. (Doc. No. 104.) Furthermore, during a motion hearing before

4

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. Therefore, the court reviews his Complaint liberally and holds it to a less stringent standard than those drafted by attorneys. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

---

this court on January 13, 2010, Plaintiff made an oral Motion to Dismiss the case in its entirety. (Doc. No. 105.) The court denied the oral motion without prejudice and advised Plaintiff he may file an appropriate written Motion to Dismiss. (*Id.*) Plaintiff indicated he would not do so due to financial constraints, and to this date he has not filed any such motion. Finally, on January 21, 2010, Lieutenant Knapic informed the Court that on January 19, 2010, Plaintiff again refused delivery of his incoming mail from this court. (Doc. No. 106.)

## 2. Fed. R. Civ. P. 56(c) – Summary Judgment

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

6

At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

*1.  Deputy Sheriffs' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies*

Defendants Pugliese, Schaefer, St. Germain, and Daugherty assert Plaintiff's suit is barred for failure to exhaust administrative remedies. (Deputy Sheriffs' Mot. Summ. J. at 11–12.) Prior to filing this civil action, Plaintiff was required to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(2008).

"[F]ailure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock,* 549 U.S. 199, 216 (2007). "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). "[A]n inmate who begins the grievance process but does not complete it is barred from pursuing a §1983 claim under PLRA for failure to exhaust his administrative remedies."

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules[]—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones,* 549 U.S. at 216. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Defendants have submitted the Affidavit of Sonya Gillespie, a Sergeant in the Civil Liabilities Unit of the Denver Sheriff Department, whose duties include obtaining Department records as needed in litigation. (Gillespie Aff., ¶¶ 2–3.) Attached to Sergeant Gillespie's Affidavit is the Denver County Jail Inmate Handbook from August 2008 that details the Denver County Jail grievance procedure applicable to Plaintiff during his incarceration. (Gillespie Aff., Ex. 1.) According to the Inmate Handbook, the first step of the multi-step grievance procedure requires the inmate to complete a grievance form. (Gillespie Aff., ¶ 7; Ex. 1.) The second step in the grievance process requires the inmate to write a sealed letter to the Division Chief stating the specific grievance and all previous steps the inmate has taken, including all previous answers received. (Gillespie Aff.,¶ 8; Ex. 1.) The third and final step requires the inmate to write a personal letter to the Director of Corrections if the inmate is still aggrieved. (Gillespie Aff., ¶ 9; Ex. 1.)

Plaintiff filed grievances concerning both the October 18, 2008, and the December 15, 2008, incidents. (Gillespie Aff., ¶¶ 10, 15; Exs. 2–3.) According to Sergeant Gillespie, the Denver Sheriff Department opened an Internal Affairs Bureau ("IAB") case concerning the

October 18, 2008, grievance. (Gillespie Aff., ¶ 12.) After reviewing all reports concerning the incident of October 18, 2008, the IAB declined to further investigate the matter. (*Id.*, ¶ 13.) The December 15, 2008 grievance was determined to be unfounded. (*Id*, Ex. 3.) Sergeant Gillespie states Plaintiff never wrote a letter to the Division Chief or to the Director of Corrections concerning either grievance. (*Id.*, ¶ 14, 16.)

Plaintiff has failed to dispute Sergeant Gillespie's affidavit or the documents produced by Defendants that unequivocally show Plaintiff failed to complete the Denver County Jail inmate grievance procedure and exhaust his administrative remedies for any of his claims. The evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to the exhaustion issue. Therefore, all defendants are entitled to judgment as a matter of law on Plaintiff's claims for failure to exhaust his administrative remedies. As such, the court need not address the merits of Plaintiff's claims asserted against Defendants Pugliese, Schaefer, St. Germain, and Daugherty. However, as Defendant Robinson did not raise the issue of exhaustion in his motion for summary judgment, the court addresses that motion below.

2.  *Defendant Robinson's Motion for Summary Judgment*

The only claim directed at Defendant Robinson is Plaintiff's Claim Three, in which Plaintiff alleges Defendant Robinson refused to give Plaintiff medical attention in violation of Plaintiff's Eighth Amendment rights. (Compl. at 7.) Under the Eighth Amendment, a government must provide medical care for its prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the

unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Id.* at 104

(internal quotation marks and citation omitted).

> "Deliberate indifference" involves both an objective and a subjective component. The objective component is met if the deprivation is sufficiently serious. A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks and citations omitted). The purpose for the "sufficiently serious" requirement is to limit claims to significant, as opposed to trivial, suffering. *See Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005).

The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the prison official's culpable state of mind. *See Estelle*, 429 U.S. at 106. The subjective component is satisfied if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

It is undisputed that Plaintiff was seen in the medical unit on October 18, 2008, at which time Defendant Robinson entered the following note into Plaintiff's medical chart:

> 10-18-08 1730 <u>Subj</u> Pt claims extreme breathing problems. He had been fighting with deputies. <u>Obj</u> T98.7. BP 119/72 P51. Manual pulse is regular and strong. Lungs clear bilaterally. Pt. is uncooperative and continues to offer physical resistance. Roy Robinson.
> A x O x 3 - Perrla. RER

> Assessment. Vital signs, pulse and breath sounds are not consistent with a heart attack. Plan return to custody of deputies. Advised to kite for follow-up if claimed symptoms persist. Roy Robinson

(Robinson's Mot. Summ. J., Ex. A-1 at 4; Ex. A-2, ¶ 5 [Aff. of Roy Robinson, LPN (hereinafter "Robinson Aff.")].) Plaintiff alleges that after his release from the medical unit, he briefly blacked out. (Compl. at 7.) Plaintiff alleges Defendant Robinson "was in the immediate vicinity of plaintiff and saw plaintiff collapse and deliberately refused to follow Denver Health Medicals [sic] protocol and ignored [Plaintiff's] needs entirely." (*Id.*) However, as Defendant Robinson points out, Plaintiff's Amended Prisoner Complaint is utterly silent as to any alleged injury, damage, loss or other consequence to him or his physical or mental well-being as a result of allegedly being ignored. Plaintiff has failed to allege a sufficiently serious medical need and, in fact, alleges only trivial suffering that does not rise to the level of an Eighth Amendment violation. *Mata*, 427 F.3d at 753. Moreover, Plaintiff has failed to allege any facts that would permit the court to find a reasonable jury could infer conscious disregard by Defendant Robinson of a serious medical condition or complaint. Therefore, Plaintiff also has failed to meet the subjective component of a deliberate indifference claim. Accordingly, Defendant Robinson is entitled to judgment as a matter of law on Plaintiff's claim for deliberate indifference under the Eighth Amendment.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that

1. Defendants Pugliese, Schaefer, St. Germain, and Daugherty's "Motion for Summary Judgment" (Doc. No. 101) be GRANTED, and that the claims against them be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies; and

2. Defendant Robinson's "Motion for Summary Judgment with Authority" (Doc. No. 99) be GRANTED, and that the claims against him be dismissed in their entirety with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of March, 2010.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge